UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>J. SULLIVAN, Warden,<br><br>    Respondent. | No. 2:17-cv-0899 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 burglary conviction and related sentence. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is respondent's motion to dismiss the petition as untimely. ECF No. 17. Petitioner has filed a response to the motion. ECF No. 23. For the reasons stated below, the undersigned will recommend that the motion to dismiss be granted.

I.     FACTUAL AND PROCEDURAL BACKGROUND

    A.     State Trial Court Proceedings

        1.    Petitioner's 2014 Conviction and Sentence

On October 6, 2014, petitioner was charged in Siskiyou County Case No. 14-1428 with first-degree burglary (Cal. Penal Code § 459 – Count I); receiving stolen property (Cal. Penal

1

Code § 496(a) – Count II); possession of a controlled substance (Cal. Health. & Safety Code § 11377(a) – Count III); failure to appear (Cal. Penal Code § 1320(b) – Count IV); resisting an officer (Cal. Penal Code § 148(a)(1) – Count V); and possession of drug paraphernalia (Cal. Health. & Safety Code § 11364.1(a) – Count VI). See ECF No. 18-1 at 7-10, 30.[1] On November 6, 2014, petitioner pled guilty to the felony burglary and failure to appear charges, as part of a global resolution of Case No. 14-1428 and three other matters involving violations of probation and mandatory supervision in previous cases. See id. at 19-25, 106, 164, 168-170, 179-83.[2]

On December 9, 2014, petitioner was sentenced to an aggregate term of 7 years, 8 months on the two felony counts in Case No. 14-1428. This aggregate term included an upper term six-year sentence for the burglary. The execution of sentence was suspended for five years, and plaintiff was placed on probation for that five-year period. Id. at 47, 57, 203; see generally, id. at 195-212. Petitioner was represented in all these proceedings by Nathan Wente, court-appointed counsel. See generally id. at 164, 195, 200.

        2.    Probation Violation in Case No. 14-1428

On February 24, 2015, the probation officer reported that petitioner had repeatedly tested positive for drug use, and the court summarily revoked his probation. ECF No. 18-1 at 131-32 (affidavit of probation officer), 133 (order revoking probation), 213 (RT of February 25, 2015 proceeding). On March 11, 2015, petitioner failed to appear for a hearing on the probation violation. Id. at 69, 215-216. A failure to appear allegation was subsequently added to the

---

[1] Counsel for respondent has filed the entire state court record electronically in one large document of 540 pages, instead of separating the pleadings and filing each of them as independent records. See generally ECF No. 18-1. For ease of reference, the court will therefore cite the federal docket page numbers, rather than the page numbers of each individual state court record. In the future, to ensure that the page range of each document in the state court record is clear and to streamline the court's review of the state court record, counsel is advised to scan and electronically file each discrete portion of the state court record separately. Alternatively, an index with hyperlinks to each discrete document would assist the court's review of the record.

[2] Petitioner also pled guilty to three misdemeanor counts (drug possession, resisting arrest, and drug paraphernalia). ECF No. 18-1 at 182, 185-186. The plea deal was structured to keep the misdemeanor and felony penalties distinct, see ECF No. 18-1 at 174-75, and the misdemeanor matters are not at issue in the federal habeas petition.

pending violation. Id. at 74. Petitioner was also charged with failure to appear in a new felony case, No. 15-1352.

On November 12, 2015, petitioner admitted the probation violations in Case No. 14-1428, and entered a guilty plea to the failure to appear charge in Case No. 15-1352, as part of a global resolution of five cases. Id. at 81, 250-266 (RT). Petitioner was represented in these proceedings by Leslie Salem, who replaced Mr. Wente. Id. at 79, 81, 245.

### 3. Execution of Sentence

Pursuant to plea agreement, the order executing sentence in Case No. 14-1428 was combined with sentencing in Case No. 15-1352 and other outstanding matters. On December 17, 2015, petitioner's previously suspended state prison term in Case No. 14-1428 was ordered executed. See id. at 106 (abstract of judgment), 267-296 (RT of sentencing hearing). Specifically, the court lifted the suspension of execution and ordered petitioner to serve the previously-imposed sentence of 7 years and 8 months. Id. at 106, 270, 293-94. The aggregate sentence for all cases was 8 years, 4 months. Id. at 294.

### B. Appellate History

On February 10, 2016, petitioner filed a notice of appeal in superior court which was, after some confusion, determined to be operative and forwarded to the California Court of Appeal. See ECF No. 18-1 at 108-114, 124, 307-308 (Case No. C081613). On or around September 12, 2016, after discussing the matter with appointed appellate counsel, petitioner abandoned his appeal. Id. at 305 (Notice of Abandonment of Appeal). The Court of Appeal granted petitioner's request for dismissal on September 23, 2016. Id. at 307.

### C. State Collateral Review

On May 31, 2016, petitioner filed a habeas petition in Siskiyou County Superior Court. See ECF No. 18-1 at 311-28 et. seq. (Case No. SCCR-HCCR-2016-702). In the petition, petitioner alleged that: (1) he had been given an excessive sentence, and (2) he had received ineffective assistance of counsel in relation to the burglary charge. Id. On June 30, 2016, the superior court denied the petition in a reasoned decision. See id. at 309-10.

////

On September 19, 2016, petitioner filed a habeas petition in the California Court of Appeal. ECF No. 18-1 at 335-60. The petition raised the same two claims. See id. at 351-60. The petition was summarily denied. Id. at 333-34.

On October 27, 2016, petitioner filed a habeas petition in the Supreme Court of California. ECF No. 18-1 at 387-411 et. seq. (Case No. S238026). This petition also raised the same two claims. See id. at 399-408. On December 14, 2016, the petition was summarily denied. See ECF No. 1 at 16.[3]

Since the filing of the October 2016 petition in the Supreme Court of California, petitioner has filed several other petitions in state court, the dispositions of which are not relevant to the issue before the court.

D. Federal Petition

Petitioner submitted his federal petition to prison authorities for mailing on March 29, 2017, ECF No. 1 at 39, which is therefore the effective filing date. See Houston v. Lack, 487 U.S. 266, 276 (1988). The federal petition claims that (1) petitioner received ineffective assistance of counsel, in violation of his Fifth and Sixth Amendment rights, when counsel failed to provide him with a meaningful defense (e.g., presenting alibi witnesses) that would have established that he was not the perpetrator of the burglary; and (2) he received an excessive sentence for burglary in violation of his Fifth and Fourteenth Amendment rights when he was sentenced to the upper term of six years instead of the middle term. See id. at 5, 7-14.

II. STATUTE OF LIMITATIONS

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are defined as "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing ... is removed, if the applicant was

---

[3] The copy of the disposition of this appeal was not provided by the OAG. Instead, the OAG references the copy of the decision that was filed with petitioner's petition. See ECF No. 17 at 5; see also ECF No. 18 at 1.

4

prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that "a California petitioner 'completes a full round of [state] collateral review,'" so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F.3d 729 (9th Cir. 2008) (per curium) (internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193–194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222–226 (2002). The statute of limitations is not tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

III.   DISCUSSION

   A.  Commencement of the Limitations Period

Calculation of timeliness under § 2244(d) begins with determination of when the one-year limitations period began to run. Typically, the "trigger date" is the date on which the judgment became final. § 2244(d)(1)(A). Identification of the finality date in this case is, at first blush, complicated by the existence of separate 2014 and 2015 judgments related to petitioner's burglary

////

////

case, and the 2016 filing and abandonment of an arguably improper direct appeal.[4]

Petitioner contends that the statute of limitations did not begin to run until after his appeal was dismissed on September 23, 2016. He argues that he was not "in custody" pursuant to the December 2014 judgment until the revocation of his probation in December 2015, and that he therefore could not have sought federal habeas relief prior to that time. ECF No. 23, passim. Petitioner misapprehends the "in custody" requirement. It is a jurisdictional doctrine independent of timeliness, and not in dispute here. Federal habeas jurisdiction is indeed limited to petitions brought by inmates who are "in custody" pursuant to a state judgment. 28 U.S.C. § 2254; Maleng v. Cook, 490 U.S. 488, 490-91 (1989). The custody requirement is satisfied by probationary status; it does not require incarceration. Arketa v. Wilson, 373 F.2d 582, 583 (9th Cir. 1967); United States v. Condit, 621 F.2d 1096, 1098 (9th Cir. 1980).[5] Accordingly, petitioner could have pursued habeas relief upon being sentenced to probation. However, the existence of habeas jurisdiction is a separate matter from commencement of the statute of limitations.

To the extent petitioner means to argue that his conviction and/or sentence were not final until the revocation of probation in 2015, or until the 2016 termination of his appeal, he is equally mistaken. Under well-established California law, when a judgement of conviction is entered and sentence imposed, but execution of the sentence is suspended and the defendant is placed on probation, the judgment is nonetheless considered final and immediately appealable as to both conviction and sentence. See Cal. Penal Code §§ 1203.1, 1237(a); People v. Howard, 16 Cal. 4th 1081 (1997).

In California, when a court grants probation, it can either (1) suspend the imposition of a sentence or (2) impose a sentence while suspending its execution during the pendency of probation. Howard, 16 Cal. 4th at 1084 (citing Cal. Pen. Code § 1203.1(a)). The differences between these two types of probation are significant. Where a sentence is imposed and only its

---

[4] The pro se notice of appeal from the revocation proceeding identified issues going to the validity of the underlying 2014 judgment, not the 2015 revocation of probation. ECF No. 18-1 at 108-109. Had the appeal not been voluntarily dismissed, it likely would have been denied on that basis. See People v. Howard, 16 Cal. 4th 1081 (1997).

[5] California law also recognizes that probationers are in constructive custody and may seek habeas relief. In re Wessley W., 125 Cal. App. 3d 240, 246 (1981).

6

execution is suspended, as was the case here, the judgment imposing the sentence and granting probation is considered a final judgment. Id. at 1087.[6] If probation is later revoked, as was the case here, the defendant is committed to prison pursuant to the *existing* judgment and sentence. Id. Indeed, where only execution of sentence has been suspended for the probationary period, the superior court has no discretion to change the sentence upon revocation of probation. Id. at 1088, 1095. Challenges to the sentence, like those to the conviction itself, must be raised on appeal of the judgment entering conviction and imposing sentence; only challenges to the fact of revocation are cognizable on appeal from the order revoking probation. See id. at 1095 (where defendant failed to appeal sentence at the time it was imposed and probation was granted, she may not do so upon revocation of probation and execution of the sentence).

Judgment on petitioner's burglary conviction was entered, and sentence imposed, on December 9, 2014. Pursuant to Rule 8.308(a) of the California Rules of Court, a conviction must be appealed within sixty days after the entry of judgment. No appeal was filed within sixty days of December 9, 2014. Accordingly, petitioner's conviction and sentence for burglary became final on February 9, 2015.

The court finds that none of the alternative "trigger dates" enumerated in § 2244(d)(1) have any application to this case. Both of petitioner's claims are directed, in no uncertain terms, at the validity of his burglary conviction and related sentence. See ECF No. 1 at 5 (Grounds for Relief), 9-10 (Statement of Facts, emphasizing the "complete lack of sufficient evidence" to prove burglary). The heart of petitioner's ineffective assistance of counsel (IAC) claim is that Mr. Wente failed to investigate, develop, and present alibi evidence that "would have established that Petitioner was not the Perpetrator of the Burglary." Id. at 5. The only factual allegations that post-date the conviction and imposition of sentence are those regarding Ms. Salem.[7] Petitioner alleges in conclusory fashion that Ms. Salem continued in Mr. Wente's footsteps by failing to

---

[6] In contrast, where the trial court suspends *imposition* of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of probation. Id. The probation order in such cases is considered a final judgment only for the purposes of taking an appeal. Id. Where only *execution* of sentence is suspended, the judgment is considered final for *all* purposes. Id.

[7] As previously noted, Ms. Salem was appointed during the course of revocation proceedings.

7

investigate his alibi. ECF No. 1 at 8. Because petitioner's IAC claim as a whole clearly and exclusively attacks his burglary conviction, which pre-dated Ms. Salem's involvement in his case, these allegations fail to support Claim One and cannot be construed as stating an independent IAC claim.[8] Accordingly, they cannot support a later trigger date for the limitations period.

### B. Running of the Limitations Period

Because petitioner's conviction and sentence became final on February 9, 2015, the limitations period began the next day, February 10, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). As a result, absent tolling, AEDPA's limitations period expired on February 9, 2016.

Petitioner's first application for state collateral relief was filed on May 31, 2016. ECF No. 18-1 at 311-28. A state petition filed after expiration of the limitations period does not revive the statute and has no tolling effect. Ferguson, 321 F.3d at 823. Accordingly, no statutory tolling applies to this claim. The federal petition was constructively filed on March 29, 2017, over a year after the limitations period expired. It is therefore untimely and must be dismissed.[9]

## IV. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

The magistrate judge is recommending that the motion to dismiss be granted. Your one-year period to file a federal habeas petition started 60 days after you were convicted and sentenced in December 2014. The fact that you weren't sent to prison until a year later, when your probation was revoked, doesn't affect the federal filing deadline. Your sentence was officially imposed in 2014, even though it was executed later. The date it was imposed is what counts. Your federal filing deadline for challenges to your burglary conviction and sentence was February 9, 2016, so your petition was more than a year late. The state habeas petitions that you filed can't extend the time, because the deadline had already passed when you filed the first one.

////

---

[8] For the reasons previously explained, petitioner could not have challenged his responsibility for the burglary in the context of the 2015 revocation proceedings. Accordingly, Ms. Salem cannot have performed deficiently by failing to pursue an alibi defense.

[9] Petitioner makes no claim to equitable tolling, and the record is devoid of allegations that could be construed as supporting such a claim.

8

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether petitioner's habeas corpus application was timely filed. Accordingly, a certificate of appealability should not issue in this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, filed November 13, 2017 (ECF No. 17), be GRANTED, and

2. The petition (ECF No. 1) be dismissed as untimely, and

3. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

////

////

////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE